**GENERAL TEAMSTERS LOCAL NO. 406; Philip Viviano, individually and as President of General Teamsters Local No. 406; and Mark Crane, individually and as Secretary-Treasurer of General Teamsters Local No. 406, Plaintiffs,**

**v.**

**Karl SCHOBEY, Durwood Young, Lyle Baker, Larry Haisma; Michigan Teamsters Joint Council No. 43; and the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Defendants.**

No. G85–30CA.

United States District Court,
W.D. Michigan, S.D.

Jan. 18, 1985.

Roger W. Boer, Daniel L. Elve, Rhoades, McKee & Boer, Grand Rapids, Mich., for plaintiffs.

Gary S. Witlen, Washington, D.C., for defendant Intern.

Gerry M. Miller, Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis. (James P. Hoffa, Hoffa, Chodak & Robiner, Detroit, Mich., of counsel), for Mich. Teamsters Joint Council No. 43.

Kleiner & Fayette by Michael L. Fayette, Grand Rapids, Mich., for Karl Schobey, Durwood Young, Lyle Baker & Larry Haisma.

## OPINION

HILLMAN, District Judge.

Plaintiffs in this action are General Teamsters Local No. 406 ("Local 406"), a labor organization headquartered in Grand Rapids, and chartered by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("International"); Philip Viviano, who was elected President of Local 406 on October 27, 1984; and Mark Crane, who was elected Secretary-Treasurer of Local 406 on October 27, 1984. Defendants are Karl Schobey, Durwood Young, Lyle Baker, Larry Haisma, Michigan Teamsters Joint Council No. 43 ("Joint Council"), a local governing body within the International; and the International itself.

Through internal union procedure, the individual defendants protested to the Joint Council the conduct of the election, in which the individual plaintiffs were elected to office. Following a hearing, the Joint Council, on November 29, 1984, ordered that a new election be held on the grounds that, due to defects in the October 27, 1984, election procedures, 743 eligible voters had not received election ballots when those ballots were mailed. Following the procedures set forth in the International's constitution, the individual plaintiffs timely filed an appeal from the Joint Council's decision to the General Executive Board of the International. Meanwhile, the Joint Council has ordered a new election to commence on January 28, 1985.

The matter is before the court on plaintiffs' motion for a temporary restraining

order seeking to enjoin the January 28, 1985, election. A hearing was held on plaintiffs' motion on January 16, 1985, with all of the parties represented by counsel, except the International.

■ A plaintiff seeking preliminary injunctive relief must ordinarily demonstrate irreparable harm and a likelihood of success on the merits with the balance of hardship decidedly in his favor. *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979). I find injunctive relief unwarranted at this time because plaintiffs have not demonstrated that they will suffer irreparable harm if the relief is not granted. In addition, plaintiffs have failed to exhaust their intra-union remedies or their administrative remedies.

In short, plaintiffs' request is premature. As of this date, the appeal to the International is undecided. The January 9, 1985, notice of the January 28, 1985, election, sent to all Local 406 members, states that the re-run election will not be held if the International reverses the decision of the Joint Council. The International, by a mailgram to the Joint Council dated December 19, 1984, stated its intention to decide plaintiffs' appeal during January, 1985. Accordingly, internal union procedures undertaken pursuant to the International's constitution may well obviate any harm to the plaintiffs if the International reverses the decision of the Joint Council.

Additionally, plaintiffs have failed to seek a stay of the Joint Council's decision from the International pending their appeal, which plaintiffs are entitled to do pursuant to the International's constitution. That constitution also provides that, in the event no stay is requested, the Joint Council's decision is to take immediate effect. Having failed to seek a stay, plaintiffs are in no position to object to the Joint Council proceeding in accordance with the International constitution. Plaintiffs seek to have this court supervise internal union affairs before resort to equivalent relief under the International's own constitution. The court has been presented only with plaintiffs' speculation that a stay would not be granted if requested. This is not sufficient to tip the balance of equities in plaintiffs' favor.

■ Finally, plaintiffs request that this court refer the matter to the United States Secretary of Labor ("Secretary") for investigation and supervision. Section 482 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq.* provides for the investigation by the Secretary of complaints regarding union elections. However, that section also states unequivocally that the protesting labor organization member must exhaust remedies available under the union's constitution and by-laws before filing a complaint with the Secretary. As discussed *supra* at 439, plaintiffs have not exhausted those internal remedies at this time. To grant plaintiffs' request for a referral to the Secretary at the present time would circumvent the clear procedural requirements of 29 U.S.C. § 482(a) and (b). Additionally, section 482 provides that plaintiffs are to seek relief from the Secretary in the first instance, which plaintiffs have failed to do.

Accordingly, plaintiffs' motion for a temporary restraining order and for referral to the United States Secretary of Labor is denied.